UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 06-71-KKC

UNITED STATES OF AMERICA                                                          PLAINTIFF

VS:                       **REPORT AND RECOMMENDATION**

HOLLY GEORGE HAWKINS and
SONIA RUBIO                                                                             DEFENDANTS

\* \* \* \* \* \*

This matter is pending before the Court upon a motion to suppress (DE #30) filed by the defendant, Sonia Rubio, to which the defendant, Holly George Hawkins, has joined (DE #32). The government has filed a response (DE #33). An evidentiary hearing upon the motion was held before the undersigned Magistrate Judge on July 10, 2006. At the hearing, the only witness to testify was DEA Special Agent Jerel Hughes. Having personally heard the evidence of Agent Hughes and having considered the exhibit, the motion and the response, the Magistrate Judge makes the following proposed Findings of Fact and Conclusions of Law:

1

## FINDINGS OF FACT

1) On March 1, 2006, a Federal Express employee in London, Kentucky contacted Kentucky State Police Trooper Jason McCowan and requested his assistance regarding "a suspicious package" located at the FedEx office.  Trooper McCowan then contacted DEA Special Agent Hughes and they responded to the call.  Upon arrival, the agent and the trooper discovered that the package had already been opened by FedEx employees, pursuant to company policy, and that the contents had been placed upon a table at that office.

2) The contents of the package were a white bath towel and a clear plastic container of coffee, which container had a secure blue lid.  Agent Hughes testified that he did observe, without opening the container, a crystalline substance inside a clear plastic bag within the coffee which, from his experience and training, he recognized to be methamphetamine.  Agent Hughes further testified that not only did he recognize the substance mixed with the coffee to be methamphetamine, but that he was personally aware that drug dealers often attempt to mask the odor of drugs by placing it inside ground coffee.  He further testified that he and Trooper McCowan were careful not to further open the package but instead contacted an Assistant United States Attorney, who advised them to secure a search warrant. They promptly secured the warrant (DE #11, Mag. No. 06-6020M).

3) The package had been addressed to Holly Hawkins and reflected the sender to be "Debra Collins". The officers had the FedEx employees reseal the contents and to contact the addressee, Holly Hawkins, as the package was sent with instructions that the addressee would receive same at the London FedEx office. The officers then maintained surveillance at that office and shortly thereafter Mr. Hawkins arrived and signed for the package. As he left the building he was intercepted by Agent Hughes, who administered a *Miranda* warning to him. Thereupon, Hawkins informed Agent Hughes that the package in fact should contain approximately eight (8) ounces of methamphetamine and that the actual sender of the package was not Debra Collins, but rather the defendant, Sonia Rubio.

4) Upon execution of the search warrant, the clear plastic container was opened, and within the coffee the agents found four plastic bags (all containing crystalline substances), which field tested positive for methamphetamine and weighed approximately eight ounces.

## CONCLUSIONS OF LAW

Although no testimony other than Special Agent Hughes was presented at the suppression hearing, the attorney for Sonia Rubio cross-examined Agent Hughes regarding his written report (DEA Form 6), which form was introduced

into evidence and had been attached to the motion to suppress as Exhibit A. The relevant parts of that form are as follows:

> "DETAILS
>
> '1.  On March 1, 2006 an employee of the Federal Express Office in London, KY contacted Kentucky State Police Trooper Jason McCowan and informed him that they had opened a suspicious package, as per company policy, and requested that he come to the Fed Ex Office and inspect the package. SA Jerel Hughes and Trooper McCowan traveled to the Fed Ex Office and inspected the package. Upon inspection the package was found to bear a shipping label addressed to Holly Hawkins, to be picked up at the Fed Ex counter. The label, bearing tracking number 851858084816, indicated the sender as Debra Collins, 2466 Arrowhead Avenue, San Bernardino, CA with telephone number listed as (909) 543-5857. The label further indicated the package as shipped priority overnight on February 28, 2006.
>
> '2  An inspection of the contents of the package revealed it to contain a white bath towel further containing a clear plastic container of coffee. The clear plastic container had not been opened by the employees of Fed Ex. Through the side of the container agents were able to observe a clear plastic bag of crystalline substance consistent with the appearance of methamphetamine. SA Hughes obtained a federal search warrant (06-6020M) for the package."

It is apparent from the cross-examination by Rubio's counsel, and from reading the memorandum in support of his motion to suppress, that counsel was of the erroneous impression that Agent Hughes and/or Trooper McCowan had opened the

4

package and removed the bath towel and the clear plastic container filled with coffee. However, Agent Hughes expressly testified that this was not the case, in that the FedEx agent had already opened the package and placed the towel and the plastic container upon a table, and that he (Hughes) could see the methamphetamine through the plastic container sufficiently to identify what he thought to be crystal methamphetamine. He further testified that neither he nor Trooper McCowan ever opened the container before later obtaining the search warrant.

The Magistrate Judge can understand why Rubio's counsel based this motion upon an incorrect assumption of the facts, inasmuch as the language contained on Form 6 in paragraph 1 refers to "they" (being FedEx employees) and later in that paragraph stated that Hughes and McCowan "inspected the package" and in paragraph 2 refers to "an inspection of the contents". However, that impression was shown to be erroneous by the clear and unequivocal testimony of Agent Hughes and defense counsel chose not to subpoena Trooper McCowan or the FedEx employees to testify to the contrary. The Magistrate Judge finds Agent Hughes testimony to be entirely and completely credible. Morever, Agent Hughes' testimony at the hearing is entirely consistent with his affidavit for search warrant where, on March 1, 2006, he swore before this Magistrate Judge that "....[f]ederal

5

express employees had opened the package and found it to contain a clear plastic container of coffee. SA Hughes inspected the package and observed through the clear plastic at least one clear bag of a crystalline substance consistent with the appearance of crystal methamphetamine. Your affiant knows based on his training and experience that coffee is frequently used to conceal the odor of narcotics and that the substance concealed within the container of coffee has the appearance of a controlled substance."[1]

The defendants and the government cite as primary authority the case of United States v. Barry, 673 F.2d 912 (6th Cir. 1982). That case clearly holds that : (1) a search conducted by a private package express company was a private search to which the Fourth Amendment did not apply, and (2) even though drugs were illegally seized by the Drug Enforcement Administration, a package containing pills was admissible at trial, since the defendant had no reasonable expectation of privacy in a package of drugs being sent to him via a private express company. Id., at pages 915-918. Here, the second issue is not present because Agent Hughes, unlike the agents in Barry, did obtain a search warrant prior to seizing and testing the drugs.

---

[1] For the record, it is noted that the defendants have not challenged the sufficiency of the affidavit showing probable cause for issuance of the search warrant. Had they done so, this Magistrate Judge would have referred the motion to another Magistrate Judge for a Report and Recommendation.

It is well-settled that private searches are not generally subject to the Fourth Amendment. See, *e.g., United States v. Lambert*, 771 F.2d 83 (6th Cir. 1985). This is especially true where, as here, the private search is not directed, controlled or initiated by law enforcement agents. *Walter v. United States*, 447 U.S. 649, 656, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980), *United States v. Barry, supra*, at 914-915, and *United States v. Jacobsen*, 466 U.S. 109, 114-115, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Stated differently, the evidence was derived from an independent source. *Cf., Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed. 599 (1984). Moreover, applying the two factors emphasized in *Barry* (at pages 915-916), both must be resolved against the defendants. First, there was no unlawful conduct on the part of law enforcement authorities, and secondly, the defendants' Fourth Amendment rights were not violated.

The government's response further cites *United States v. King*, 55 F.3d 1193, 1195-1196 (6th Cir. 1995) holding that, while letters are in the general class of effects protected by the Fourth Amendment, once the letter is sent to another the sender's expectation of privacy ordinarily terminates upon delivery. There is no reason to hold differently as to an express package. See *United States v. Robinson*, 390 F.3d 853, 872 (6th Cir. 2004). Thus, the joining of the motion by the addressee (Hawkins) adds nothing to this issue. And, as also pointed out by the response,

7

any possible expectation of privacy in the parcel by Rubio was reduced, if not destroyed, when she used a fictitious name as the sender. *Cf., United States v. Robinson*, 390 F.3d 853, 873, footnote 30.

In conclusion, the search of the package by Federal Express employees, pursuant to a FedEx policy, is not violative of the Fourth Amendment. That search was not initiated, directed or controlled by law enforcement officers. There was no unlawful search or other action by law enforcement personnel. The officers properly obtained a search warrant before opening the cannister and testing the contents. The DEA special agent's testimony is totally consistent with his application and affidavit utilized to obtain the search warrant. The premise upon which the motion to suppress was filed has been shown to be contrary to the facts. The sender of the package does not have a reasonable expectation of privacy in same once it was delivered.

## RECOMMENDATION

It is therefore RECOMMENDED that the motion to suppress be **DENIED**.

By agreement of the parties, particularized objections to this Report and Recommendation must be filed within two (2) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140

(1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991).  Also by agreement, a party may file a response to another party's objection within two (2) days after being served with a copy thereof.  Rule 72(b), Fed.R.Civ.P.

This the 12th day of July, 2006.

Signed By:
*J.B. Johnson, Jr.*
United States Magistrate Judge